[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-15160
Non-Argument Calendar
_____

Agency No. A205-130-421


JOSEPH ORLANDO RAMIREZ-ALVAREZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(November 25, 2019)


Before WILSON, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Joseph Ramirez-Alvarez seeks review of the Board of Immigration Appeals' (BIA's) final order affirming the Immigration Judge's (IJ's) denial of his application for withholding of removal under the Immigration and Nationality Act (INA) and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (CAT).  Ramirez-Alvarez brings several issues on appeal, which we address in turn.   After review,[1] we deny his petition for review.

Ramirez-Alvarez contends the BIA erred in determining the IJ was not obligated to take new testimony or admit new evidence at his third merits hearing, and the IJ's failure to accept new testimony or evidence violated his due process rights.  Ramirez-Alvarez has not shown a due process violation, as the immigration court gave him an opportunity to be heard during his removal proceedings by permitting him to testify twice in support of his application in two separate merits hearings.  *See Fernandez-Bernal v. U.S. Att'y Gen.*, 257 F.3d 1304, 1310 n.8 (11th Cir. 2001) (stating due process requires that aliens be given notice and an opportunity to be heard in their removal proceedings).  The IJ did not violate his due process rights by declining his offer to "recount" and "clarify" his prior

---

[1]  "When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision." *Chacku v. U.S. Att'y Gen.*, 555 F.3d 1281, 1285 (11th Cir. 2008).  Here, because the BIA did not expressly adopt the IJ's decision, we review only the BIA's decision. *See id.*  "In a petition for review of a BIA decision, we review conclusions of law de novo and factual determinations under the substantial evidence test." *Gonzalez v. U.S. Att'y Gen.*, 820 F.3d 399, 403 (11th Cir. 2016).

2

testimony at his third merits hearing.  The BIA's second remand order did not instruct the IJ to hold a hearing or to take any evidence or testimony, in contrast to the BIA's first remand order which expressly directed the IJ to hold a new evidentiary hearing.

Ramirez-Alvarez also asserts the BIA erred in determining he was not prejudiced by the IJ's conduct of asking his former attorney, Grace Kennedy, to comment on the admission of new evidence after she had withdrawn from representing him.   The BIA did not err in determining Ramirez-Alvarez was not prejudiced by the IJ's conduct of asking Kennedy whether she read the remand order as instructing the court to hold a new hearing.  The IJ first asked Kennedy her opinion while she was still representing Ramirez-Alvarez, which raises no due process concerns.  Moreover, the IJ's second question to Kennedy, after she withdrew as his counsel, cannot support a due process claim because Ramirez-Alvarez cannot show Kennedy's opinion prejudiced him.  *See Gonzalez-Oropeza v. U.S. Att'y Gen.*, 321 F.3d 1331, 1333 (11th Cir. 2003) (stating in order to establish a due process violation, an alien must show he was deprived of liberty without due process of law, and the asserted error caused him substantial prejudice).  Kennedy had already told the IJ that she did not read the remand order as calling for a new hearing or testimony while she was still representing Ramirez-Alvarez and, thus, the BIA did not err in determining her reiteration of this opinion

3

after she withdrew as counsel could not have had any impact on the IJ's ultimate disposition of Ramirez-Alvarez's application. Ramirez-Alvarez does not make any argument about prejudice on appeal other than a conclusory assertion, which is not enough to bring the issue before this Court. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (holding an appellant abandons a claim when he raises it in a perfunctory manner without supporting arguments and authority).

Lastly, we need not review Ramirez-Alvarez's challenges to the IJ's credibility findings as the IJ alternatively determined that even assuming Ramirez-Alvarez was credible, his claims failed on the merits. The BIA determined that Ramirez-Alvarez failed to challenge the IJ's alternative finding that his withholding of removal and CAT claims failed on the merits. Although one of Ramirez-Alvarez's issue headings on appeal asserts the BIA erred in determining he failed to challenge the IJ's alternative finding, his actual argument does not mention the BIA's determination that he failed to challenge, and thereby waived any challenge to, the IJ's alternative merits disposition. Accordingly, Ramirez-Alvarez has abandoned this issue on appeal. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (holding issues not raised on appeal are deemed abandoned).

4

To the extent Ramirez-Alvarez now seeks to challenge the IJ's alternative merits disposition by arguing he showed past persecution and eligibility for CAT relief, this Court lacks jurisdiction to consider these issues because Ramirez-Alvarez failed to challenge the IJ's alternative merits disposition before the BIA and, thus, did not exhaust this claim.  *See Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006) (stating the exhaustion requirement is jurisdictional and precludes review in this Court of a claim that was not presented to the BIA).

**PETITION DENIED.**

5